1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 27, 2020

SEAN F. McAVOY, CLERK

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

| | |
|---|---|
| JAIME E.,<br><br>                                 Plaintiff,<br><br>     v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                                 Defendant. | NO:  1:19-CV-03281-FVS<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND DENYING<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT |

13

14      BEFORE THE COURT are the parties' cross motions for summary

15 judgment.  ECF Nos. 11, 12.  This matter was submitted for consideration without

16 oral argument.  Plaintiff is represented by Attorney Victoria B. Chhagan.

17 Defendant is represented by Special Assistant United States Attorney Ryan Lu.

18 The Court has reviewed the administrative record, the parties' completed briefing,

19 and is fully informed.  For the reasons discussed below, the Court **GRANTS**

20 Defendant's Motion for Summary Judgment, ECF No. 12, and **DENIES** Plaintiff's

21 Motion for Summary Judgment, ECF No. 11.

ORDER ~ 1

**JURISDICTION**

Plaintiff Jaime E.[1] filed for Supplemental Security Income (SSI) on November 14, 2016, Tr. 86, alleging an onset date of July 30, 2016, Tr. 188, due to bulging disc in his lower back, spinal narrowing pushing on the nerve, blindness in the right eye, hepatis C, and glaucoma, Tr. 211. Benefits were denied initially, Tr. 113-16, and upon reconsideration, Tr. 125-31. A hearing before Administrative Law Judge Kimberly Boyce ("ALJ") was conducted on June 19, 2019. Tr. 33-68. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Michael Swanson. *Id*. At the hearing, Plaintiff amended his date of onset to November 14, 2016. Tr. 36. The ALJ denied benefits on July 24, 2019. Tr. 15-27. The Appeals Council denied review on October 1, 2019. Tr. 1-5. The matter is now before this court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 32 years old at the amended onset date. Tr. 188. He completed

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

two years of college.  Tr. 212.  Plaintiff's work history includes positions as a construction laborer, mechanic, and sales associate.  Tr. 212.  At application, Plaintiff stated that he stopped working on July 30, 2016 due to his conditions.  Tr. 211.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error

that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

///

ORDER ~ 6

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended date of onset, November 14, 2016. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease (thoracic and lumbar spine); right vision deficit; obesity; depressive disorder; and anxiety related disorder. Tr. 17. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equaled the severity of a listed impairment. Tr. 18. The ALJ then found that Plaintiff had the RFC to perform sedentary work as defined in 20 CFR § 416.967(a) with the following limitations:

> He cannot push or pull with the left lower extremity; he can never climb ladders, ropes, or scaffolds, as well as work at unprotected heights or in proximity to hazards (such as heavy machinery with dangerous moving parts); he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; he can perform work in which right eye visual acuity, depth perception, accommodation, color vision, and field of vision requirements are not present; there are no limitations on use of the left eye; he can perform work in which concentrated exposure to extreme cold or vibration is not present; he can understand, remember and carry out simple, routine tasks and following short, simple instructions; he can perform work that requires little or no judgment, and he can perform simple duties that can be learned on the job in a short period; he can cope with occasional work setting change and occasional, routine interaction with supervisors; he can work in proximity to coworkers, but not in a team or cooperative effort; and he can perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the reasonable employer expectations regarding attendance, productions, and work place behavior, and he can persist, focus, concentrate, and maintain an adequate pace in 2-hour increments.

ORDER ~ 7

Tr. 19.

At step four, the ALJ identified Plaintiff's past relevant work as construction worker, automobile mechanic, break repairer, and electrical helper, and found that Plaintiff was unable to perform his past relevant work.  Tr. 26.  At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: document preparer; addresser; and final assembler.  Tr. 26-27.  On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from November 14, 2016, the alleged onset date, through the date of his decision.  Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him SSI under Title XVI of the Social Security Act.  ECF No. 11.  Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly assessed Plaintiff's impairments at step three;

2.  Whether the ALJ properly considered the medical opinion evidence; and

3.  Whether the ALJ properly considered the evidence from friends and family.

## DISCUSSION

### 1.    Step Three

Plaintiff alleges that the ALJ erred in properly assessing whether he met or equaled Listing 1.04.  ECF No. 11 at 13-14.

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and the ALJ need not to consider his age, education, and work experience.  20 C.F.R. § 416.920(d).  An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.  *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).  A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not meet a listing.  *Id.*

Here, the ALJ found that Plaintiff "does not have spinal arachnoiditis, nerve root compression, or lumbar stenosis with pseudoclaudication.  See 3F/20, 7F/13. He does not meet or equal the criteria of any listing under section 1.00, including listing 1.04."  Tr. 18.  The evidence the ALJ cites is an MRI from October 24, 2016 with the following findings: small left paramedian L2-3 disc protrusion with mild canal stenosis; small broad based disc bulge on the L4-L5 with superimposed tiny central disc protrusion with mild stenosis and mild left neural foraminal narrowing; and mild epidural lipomatosis with secondary minimal narrowing of the thecal sac at L5-S1 with small broad based disc bulge with mild right and moderate left neural foraminal narrowing.  Tr. 364.  The ALJ also cited an April 10, 2017 appointment in which Benjamin Wayment, M.D. stated that Plaintiff "had an MRI of his thoracic spine and an EMG of his left leg to rule out a radiculopathy, given his symptoms seem to be very severe and out of proportion with the MRI

findings." Tr. 486.  The EMG performed did not include any evidence of left

lumbar radiculopathy.  Tr. 488.  Plaintiff's argument fails to address the normal

EMG in his assertion that he meets or equals the listing.  ECF No. 11 at 13-14.

Instead, he asserts other neurological tests, including the positive straight-leg

raising tests and sensory loss, demonstrate that he meets the listing.  *Id*.  Elsewhere

in the briefing, Plaintiff asserts that a patient can have radiculopathy despite

normal EMG results.  ECF No. 11 at 5-6.  However, the ALJ is responsible for

resolving conflicts in medical testimony and resolving ambiguities.  *Andrews v.*

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Furthermore, a straight-leg raising

test constitutes a subjective test[2], unlike the EMG.  Therefore, the ALJ's

determination that Plaintiff did not have "lumbar stenosis with pseudoclaudication"

is supported by substantial evidence.  The Court will not disturb the ALJ's step two

determination.

## 2.    Medical Opinions

Plaintiff argues that the ALJ failed to properly weigh the opinions from

William Powell, D.O., June Bredin, M.D., and Karen Mansfield-Blair, Ph.D.  ECF

No. 11 at 3-16.

If a treating or examining physician's opinion is uncontradicted, the ALJ

---

[2]*See* 2 DAVID A. MORTON, III, M.D., SOCIAL SECURITY DISABILITY MEDICAL

TESTS § 11.33 (1st ed. 2015).

ORDER ~ 10

may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

### A.    William Powell, D.O.

On December 5, 2016, Dr. Powell completed a Physical Functional Evaluation form for the Washington Department of Social and Health Services. Tr. 345-47.  He opined that Plaintiff was "unable to maintain sustained positions, no lifting, limit walking [and] standing, prolonged sitting." Tr. 346.  He stated that Plaintiff was severity limited in the abilities to sit, stand, walk, lift, carry, handle, pull, stoop, and crouch. *Id.*  Dr. Powell further opined that Plaintiff was severely limited, defined as "[u]nable to meet the demands of sedentary work." Tr. 347.

The ALJ gave Dr. Powell's opinion little weight because (1) he provided inadequate explanations for finding that Plaintiff's back condition was severe, (2) the opinion was based on Plaintiff's self-reports, and (3) the opinion did not meet the durational requirement.  Tr. 28.  The Parties assert that the specific and legitimate is the appropriate standard when addressing Dr. Powell's opinion.  ECF Nos. 11 at 3, 12 at 12.

The ALJ's first reason for rejecting Dr. Powell's opinion, that he

inadequate explanations for finding that Plaintiff's back condition was severe, is specific and legitimate.  Inconsistency with the majority of objective evidence is a specific and legitimate reason for rejecting physician's opinions.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Here, the MRI showed mild to moderate findings, Tr. 364, and the EMG did not support the reported radiculopathy, Tr. 488.  Therefore, the ALJ's determination that the objective evidence did not support the opined severity of the back impairment is supported by substantial evidence and meets the specific and legitimate standard.

Plaintiff argues that the ALJ did not have the expertise to look at the MRI and EMG to determine whether or not it supported Dr. Powell's opinion.  ECF No. 11 at 5.  However, the ALJ is responsible for resolving conflicts in medical testimony and resolving ambiguities.  *Andrews*, 53 F.3d at 1039.  Therefore, the did not err in comparing the medical evidence to the medical opinion.

The ALJ's second reason for rejecting Dr. Powell's opinion, that it was based on Plaintiff's self-reports, is specific and legitimate.  A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report.  *Bayliss*, 427 F.3d at 1217; *Tommasetti*, 533 F.3d at 1041.  But the ALJ must provide the basis for his conclusion that the opinion was based on a claimant's self-reports.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Here, the ALJ found that Dr. Powell did not support his opinion with objective evidence and he "appeared to document mostly subjectively reported problems and pain." Tr. 24.  Therefore, the ALJ

provided a basis to support his finding that the opinion was based more heavily on

Plaintiff's self-reports.  Therefore, this reason meets the specific and legitimate

standard.

The ALJ's third reason for rejecting Dr. Powell's opinion, that it did not

meet the durational requirements, is not specific and legitimate.  The Ninth Circuit

has found the following:

> To establish a claimant's eligibility for disability benefits under the
> Social Security Act, it must be shown that: (a) the claimant suffers from
> a medically determinable physical or mental impairment that can be
> expected to result in death or that has lasted or can be expected to last
> for a continuous period of not less than **twelve months**; and (b) the
> impairment renders the claimant incapable of performing the work that
> the claimant previously performed and incapable of performing any
> other substantial gainful employment that exists in the national
> economy.

*Tackett*, 180 F.3d at 1098; 42 U.S.C. § 423(d)(2)(A) (emphasis added).  This

required twelve months is referred to as the durational requirement.  Dr. Powell

opined that the level of limitation addressed on the form would last six to twelve

months with available treatment.  Tr. 347.  Therefore, his opinion can be viewed as

meeting the durational requirement.  As such, this was not a specific and legitimate

reason for rejecting the opinion.

The ALJ provided two legally sufficient reason for rejecting Dr. Powell's

opinion.  Therefore, the Court will not disturb the ALJ's determination.  *See*

*Tommasetti*, 533 F.3d at 103 (An error is harmless when "it is clear from the record

that the . . . error was inconsequential to the ultimate nondisability

1  determination.").

2  **B.    June Bredin, M.D.**

3      On August 28, 2018, Dr. Bredin completed a medical source statement.  Tr.

4  924-25.  She opined that Plaintiff would need to lay down for brief periods and

5  elevate his legs throughout the day to alleviate pain.  Tr. 924.  She also opined that

6  regular and continuous work would likely deteriorate Plaintiff's condition.  *Id*.  She

7  stated that if Plaintiff were working a forty hour a week schedule, he would likely

8  miss four or more days a week.  Tr. 925.  He limited Plaintiff to sedentary work on

9  a day to day, sustained basis.  *Id*.  Dr. Bredin stated that these limitations had

10  existed since January 2016.  *Id*.

11      On October 29, 2018, Dr. Bredin completed a  Physical Functional

12  Evaluation for the Washington Department of Social and Health Services.  Tr. 934-

13  36.  She opined that Plaintiff "[r]emains unable to sustained [sic] body positioning,

14  no lifting – can only walk short distances, no stooping/bending/heavy lifting.  Also

15  has severe PTSD impacting social interactions." Tr. 935.  She opined that Plaintiff

16  had a severe limitation in sitting, standing, walking, lifting, carrying, handling,

17  pulling, stooping, and crouching.  *Id*.  She stated that Plaintiff was severely limited,

18  defined as "[u]nable to meet the demands of sedentary work." Tr. 936.  She

19  opined that these limitations would persist for over twelve months with available

20  medical treatment.  *Id*.

21      The ALJ gave the opinions little weight for five reasons: (1) the objective

ORDER ~ 14

1   evidence did not support the severity of the back impairment or opinion; (2) the

2   opinions were based on Plaintiff's subjective reports; (3) the opinions were

3   contradictory; (4) the opinions were not consistent with the recommendations for

4   conservative treatment; and (5) the ALJ questioned whether Dr. Bredin actually

5   reviewed Plaintiff's prior treatment notes.  Tr. 24.

6        The ALJ's first reason for rejecting Dr. Bredin's opinions, that they were not

7   supported by the objective evidence is specific and legitimate.  Inconsistency with

8   the majority of objective evidence is a specific and legitimate reason for rejecting

9   physician's opinions. *Batson*, 359 F.3d at 1195.  Here, the MRI showed mild to

10  moderate findings, Tr. 364, and the EMG did not support the reported

11  radiculopathy, Tr. 488.  The ALJ additionally found that Plaintiff consistently

12  attended treatment appointments, completed lengthy interviews, and was

13  repeatedly characterized as cooperative, polite, etc.  Tr. 24.  Therefore, the ALJ's

14  determination was supported by substantial evidence and meets the specific and

15  legitimate standard.

16       The ALJ's second reason for rejecting Dr. Bredin's opinions, that they were

17  based on Plaintiff's self-reports, is specific and legitimate.  A doctor's opinion may

18  be discounted if it relies on a claimant's unreliable self-report. *Bayliss*, 427 F.3d at

19  1217; *Tommasetti*, 533 F.3d at 1041.  But the ALJ must provide the basis for his

20  conclusion that the opinion was based on a claimant's self-reports. *Ghanim*, 763

21  F.3d at 1162.  Here, the ALJ relied upon Dr. Bredin's statement that Plaintiff had

"significant subjective radicular pain," Tr. 24 *citing* Tr. 890, during an evaluation in July of 2018 as evidence that Dr. Bredin relied more heavily on Plaintiff's subjective statements.  Therefore, the ALJ provided the required basis for her determination.

The ALJ's third reason for rejecting Dr. Bredin's opinion, that the opinions contained contradictions, is specific and legitimate.  An ALJ may cite internal inconsistencies in a physician's opinion.  *Bayliss*, 427 F.3d at 1216.  Here, the ALJ cited to the August 2018 opinion limiting Plaintiff to sedentary work and the change to severely limited by October of 2018.  Tr. 24.  Additionally, the ALJ stated that the August 2018 opinion was inconsistent because it contained the conclusion that Plaintiff would miss four or more days of work if employed forty hours a week, but also stated that Plaintiff was capable of performing sedentary work "day to day on a sustained, competitive basis."  Tr. 24 *citing* Tr. 925. Therefore, the ALJ's determination is supported by substantial evidence and meets the specific and legitimate standard.

The ALJ's fourth reason for rejecting Dr. Bredin's opinion, that it was not consistent with the recommendations for conservative treatment, is not specific and legitimate.  In making this determination, the ALJ stated "her opinions are not consistent with her conservative treatment recommendations for back pain (e.g. medication)."  Tr. 24.  The ALJ failed to cite to any evidence in the record or discuss how the opinion was inconsistent with the recommended treatment.

Therefore, the ALJ failed to meet the specific and legitimate standard. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct.").

The ALJ's fifth reason for rejecting Dr. Bredin's opinion, that she never actually reviewed Plaintiff's prior treatment notes, is not specific and legitimate. In making this determination, the ALJ stated that "[a]lthought she referenced prior treatment notes, I question whether she actually reviewed his prior treatment notes from Community Health given her willingness to prescribe opioids to him at his request based on his inaccurate portrayal of his treatment history at Community Health." Tr. 24-25.  This is not supported by substantial evidence, because, as the ALJ stated, Dr. Bredin referenced prior treatment notes.  Therefore, the record does not support the conclusion that Dr. Bredin did not review the records.

The ALJ provided specific and legitimate reasons for rejecting Dr. Bredin's opinions.  Therefore, the Court will not disturb her determination. *See Tommasetti*, 533 F.3d at 103 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

### C.    Karen Mansfield-Blair, Ph.D.

On December 15, 2018, completed a psychological evaluation of Plaintiff. Tr. 928-33.  She diagnosed Plaintiff with an anxiety disorder, major depressive disorder, post-traumatic stress disorder, and a rule out of psychosis.  Tr. 932.  She

opined that Plaintiff "would have difficulty performing detailed and complex tasks," he "would have difficulty interacting with coworkers and the public," he "would have difficulty performing work activities on a consistent basis without special or additional instruction," and he "would have difficulty dealing with usual stress encountered in the workplace." Tr. 932-33.

The ALJ gave the opinion "some weight" because it was vague and lacked clarity. Tr. 25. The ALJ is tasked with resolving conflicts in medical testimony and resolving ambiguities. *Andrews*, 53 F.3d at 1039. Here, the ALJ discussed Dr. Mansfield-Blair's only limitation being defined as difficulty, and stated "[w]hether a person has difficulty, without noting the degree, does not necessarily mean he or she is unable to perform such function." Tr. 25. By assigning the opinion some weight and discussing the lack of specified severity, the ALJ was resolving ambiguities in forming the RFC determination. Therefore, the ALJ did not err in her treatment of the opinion.

**3.    Lay Witnesses**

Plaintiff challenges the ALJ rejection of the evidence provided by his mother and girlfriend. ECF No. 11 at 16-19.

Plaintiff's mother completed a Third Party Function Report on February 17, 2017 and September 5, 2018. Tr. 233-40, 294-301. Plaintiff's girlfriend provided a letter on May 1, 2019. Tr. 323. Plaintiff's mother also provided a letter. Tr. 234-35.

ORDER ~ 18

1    Lay witness testimony is "competent evidence" as to "how an impairment

2    affects [a claimant's] ability to work."  *Stout v. Comm'r, Soc. Sec. Admin.*, 454

3    F.3d 1050 (9th Cir. 2006); 20 C.F.R. § 416.913(d)(4); *see also Dodrill v. Shalala*,

4    12 F.3d at 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a

5    position to observe a claimant's symptoms and daily activities are competent to

6    testify as to her condition.").  An ALJ must give "germane" reasons to discount

7    evidence from "other sources." *Dodrill*, 12 F.3d at 919.

8    Here, the ALJ rejected this evidence from Plaintiff's mother and girlfriend

9    for three reasons: (1) the statements are inconsistent with the mostly mild objective

10    diagnosis imaging results and normal EMG results; (2) the statements were

11    inconsistent with reported improvement with medication, and (3) the statements

12    include contradictions.  Tr. 25.

13    The ALJ provided at least one reason for rejecting the lay witness evidence

14    that meet the germane standard.  First, inconsistency with the medical evidence is a

15    germane reason to discount lay witness testimony.  *See Bayliss*, 427 F.3d at 1218.

16    As discussed at length above, the imaging results and the EMG reveal mostly mild

17    and normal findings.  Second, a condition being remedied by medical is a

18    legitimate reason for rejecting an opinion. *Warre v. Comm'r of Soc. Sec. Admin.*,

19    439 F.3d 1001, 1006 (9th Cir. 2006).  Third, contradictions between the statements

20    provided by Plaintiff, his girlfriend, and his mother are germane to the opinions.

21    Here, the ALJ set forth examples of such inconsistencies.  Tr. 25.  Therefore, the

Court will not disturb the ALJ's determination.

## CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment so long as it is supported by substantial evidence. 42 U.S.C. § 405(g). After review, the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is

   **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

DATED this 27th day of October 2020.



Stanley A. Bastian
Chief United States District Judge

ORDER ~ 20